```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

DARI MARTIN,                          )
                                      )
                                      ) Civil Action No. 5:09-381-JMH
      Plaintiff,                      )
                                      )
v.                                    )
                                      )
                                      ) **MEMORANDUM OPINION AND ORDER**
TOYOTA MOTOR SALES U.S.A., INC,       )
AND TOYOTA MOTOR CORPORATION,         )
                                      )
      Defendant.                      )

                       **     **     **     **     **

This matter is before the Court on Plaintiff's Objection to Notice of Removal [Record No. 6], which the Court understands to be a motion to remand this matter to Fayette Circuit Court and in which she argues that Plaintiffs failed to timely remove this matter to federal court after diversity of the parties was established on September 15, 2009.  Defendants have filed a Response [Record No. 8], stating their objections, and the time for filing a Reply has expired.  The Court being sufficiently advised, this Motion is ripe for consideration.

The present case concerns a motor vehicle accident during which Plaintiff was a passenger in a 2007 Toyota Prius driven by Robert W. Graves.  Plaintiff's Complaint against Graves, a resident of Kentucky, and Toyota Motor Sales U.S.A., Inc., and Toyota Motor Corporation, residents of California and Japan, respectively, was

-1-

filed in Fayette Circuit Court on June 5, 2009. Plaintiff's Complaint did not recite any sum as alleged damages, only averred that, as a direct result of the negligence of the current Defendants and former defendant Graves, she suffered numerous severe injuries within reasonable medical probability about her body and mind and suffered great physical pain and mental pain and suffering. [Pl. Compl. at ¶ 21.] Her claims against Graves, the only non-diverse defendant named in the Complaint, were settled and dismissed from the matter on September 15, 2009. At some point during the pendency of this matter, the Toyota Defendants served discovery requests to Plaintiff and received her responses thereto on November 5, 2009, in which Plaintiff indicated for the first time that she was seeking damages well in excess of $75,000. The Toyota Defendants removed the matter to this Court on November 24, 2009.

Under 28 U.S.C. § 1332, this Court has original jurisdiction of those matters where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. Under 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more

than 1 year after commencement of the action.

When removing a matter to federal court, the defendants have the burden of proving the jurisdictional amount in controversy by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Speculation is insufficient to support removal, and defendants must come forward with competent proof of the amount in controversy. *King v. Household Finance Corp. II*, 593 F.Supp.2d 958, 960 (E.D. Ky. 2009) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993)). Thus:

> [W]hen a complaint fails to allege the requisite amount in controversy upon which to base removal, it is appropriate to engage in discovery to determine the amount of damages being sought. The defendant may rely on information obtained in discovery to remove an action within thirty days of receipt of such information.

*Wood v. Malin Trucking, Inc.*, 937 F.Supp. 614, 616 (E.D. Ky. 1995).

Even though diversity of citizenship was established in this matter on September 15, 2009, when claims against the sole non-diverse defendant, Robert W. Graves, were dismissed, the amount in controversy was not. Rather, Defendants received competent evidence of the amount in controversy on November 5, 2009, when Plaintiff provided responses to discovery requests in which she indicated that she was seeking damages well in excess of $75,000. Thus, by filing their Notice of Removal on November 24, 2009,

Defendants removed the matter to this Court within thirty days of receiving a paper from which it could first be ascertained that the present case is one in which the jurisdictional amount in controversy can be met. The removal was timely, and there is no merit to Plaintiff's objection to the removal. Her Motion to Remand shall be denied.

Accordingly, **IT IS ORDERED** that Plaintiff's Objection to Notice of Removal, construed as a Motion to Remand, is **DENIED**.

This the 8th day of January, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge