UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DARI MARTIN, | ) |
| | ) |
| | ) Civil Action No. 5:09-381-JMH |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| TOYOTA MOTOR SALES U.S.A., INC, | ) |
| AND TOYOTA MOTOR CORPORATION, | ) |
| | ) |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Defendants' Motion for Summary Judgment [DE 33], as well as Plaintiff's Motion to Dismiss [DE 39] her claims without prejudice. The Court being adequately advised, these motions are ripe for decision.

In their Motion for Summary Judgment, Defendants argue that Plaintiff's claims must fail because she can present no evidence to support her averments of design defect or breach of warranty with respect to the Toyota Prius which is the subject of this action. Defendants also argue that, as a passenger and neither a purchaser nor an owner of the Prius, Plaintiff was not in privity of contract with any of the Defendants, and, thus, Defendants could not have breached an expressed or implied warranty as to her. Finally, Defendants argue that they are due the presumption announced in KRS 411.310(2) – that the vehicle was not defective – because the proof

-1-

demonstrates that the Prius complied with the prevailing motor vehicle safety standards, specifically all applicable Federal Motor Vehicle Safety Standards and because Plaintiff cannot, in any event, rebut it by a preponderance of the evidence to the contrary.

In lieu of filing a Response, stating her objections to the Motion for Summary Judgment, Plaintiff Dari Martin has filed a Motion to voluntarily dismiss this action [DE 39], presumably pursuant to Fed. R. Civ. P. 41(a). She requests dismissal without prejudice on the grounds that "the cost of pursuing the claim in the within matter may far exceed any benefit that she may recover."

Since Defendants have served both an answer and a motion for summary judgment in this matter and have not joined in a stipulation of dismissal with Plaintiff, the relief Plaintiff seeks must be obtained under Fed. R. Civ. P. 41(a)(2), which provides that an action may be dismissed "on terms the court considers proper." The Court has carefully considered the matter and concludes that it would be inappropriate to dismiss Plaintiff's claims without prejudice if Defendants have successfully articulated a reason to dismiss her claims with prejudice. Although it may not be cost-effective to pursue the present litigation further, as Plaintiff explains in her Motion to Dismiss, the parties have litigated this matter for well over a year, the period for discovery has concluded, and Defendants have requested a decision on the merits of the case by virtue of their Motion for

Summary Judgment.

Regardless of her reason for declining to prosecute this matter further, Plaintiff elected not respond to Defendants' Motion for Summary Judgment even though she had been advised by virtue of this Court's scheduling order, as well as Local Rule 7.1, that "[f]ailure to respond to a motion shall be grounds for the Court to conclude that any arguments in opposition thereto have been waived." DE 13 (citing *Humphrey v. U.S. Attorney Gen. Office*, No. 07-3740, 2008 WL 2080512 (6th Cir. May 15, 2008)]; LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."). Thus, the Court has considered Defendants' Motion for Summary Judgment with the knowledge that Plaintiff has failed to object and waived any arguments contrary to those presented in the Motion for Summary Judgment.

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Defendants have shown that there is no genuine dispute as to any material fact and that Plaintiff cannot establish satisfy her burden with respect to a prima facie case of crashworthiness, related to the design of the Prius, because there is no evidence of a feasible alternative safer design with respect to either the Prius' seatbelt system or side airbag system of which she complains, a necessary element of such

a claim per *Toyota Motor Corp. v. Gregory*, 136 S.W.3d 35, 41 (Ky. 2004). Further, Plaintiff has not set forth evidence that would support her that she suffered enhanced injuries due to defective design because she has set forth no evidence of how her injuries might have differed or been prevented if a different seat belt or airbag system design had been used. *See Toyota*, 136 S.W.3d at 41. Neither can Plaintiff succeed with respect to her breach of warranty claim because no evidence shows that she was in privity of contract with Toyota. *See Williams v. Fulmer*, 695 S.W.2d 411, 414 (Ky. 1985) (". . . beneficiaries of implied warranties are limited to the purchaser and to 'any natural person who is in the family or household of [the] buyer or who is a guest in his home.'").

Ultimately, Plaintiff's claims fail, and they shall be dismissed with prejudice.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion to Dismiss [DE 39] this matter without prejudice is **DENIED**; and

(2) that Defendants' Motion for Summary Judgment [DE 33] is **GRANTED**.

This the 18th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge